IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VICKI L. FLATT

        Plaintiff,

v.                          CIVIL ACTION NO. 2:18-cv-00570

LOWE'S HOME CENTERS, LLC, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

## I.    Introduction

Pending before the court is the defendants' Motion for Summary Judgment [ECF No. 25]. The deadline for the filing of a response has passed, and the plaintiff has not filed a response. For the reasons that follow, the Motion is **GRANTED**.

## II.    Background

Defendant Lowe's Home Centers, LLC ("Lowe's") hired the plaintiff as a customer service associate in 2008 at its Beaufort, South Carolina store. In 2010, the plaintiff was promoted to department manager. In November 2014, the plaintiff requested a transfer to the Nitro, West Virginia store, which Lowe's approved. Defendant Michael Dorsey worked as the manager at the Nitro store.

In 2016, the plaintiff began using intermittent leave under the Family and Medical Leave Act ("FMLA") after she was diagnosed with lung cancer. After her

twelve weeks of FMLA leave expired, she began using continuous leave pursuant to the Americans with Disabilities Act.

In January 2017, Lowe's eliminated all department manager positions nationwide. Lowe's replaced the department manager positions with a reduced number of service and support manager positions. Former department managers were given the option to apply for these new positions. Moreover, former department managers who applied for these new positions but were not selected were given an opportunity to work for Lowe's for an additional year as a customer service associate with no change in pay while they applied for other jobs within Lowe's.

The plaintiff in this matter applied for one of the new positions but was not selected. Because the plaintiff was on leave at the time of the restructure, she was given an additional time to apply for positions after returning to work to ensure that she had a full year to secure another position. However, the plaintiff did not secure another position at Lowe's within that timeframe and was therefore terminated.

The plaintiff filed the instant Complaint [ECF No. 1-1] in the Circuit Court of Kanawha County on March 12, 2018. The case was removed to this court on April 13, 2018.[1] The Complaint contains five counts. Counts One, Two, and Three assert claims under the West Virginia Human Rights Act ("WVHRA"), alleging that the defendants failed to rehire the plaintiff because of her age, gender, and disability. Count Four alleges that the defendants terminated the plaintiff's employment in retaliation for

---

[1] On March 6, 2019, the court granted a motion to withdraw filed by the plaintiff's former counsel. The plaintiff is now proceeding pro se.

her use of FMLA benefits, and Count Five alleges that the defendants committed the tort of outrage. On March 28, 2019, the defendants moved for summary judgment, requesting that the court dismiss this action with prejudice.

### III.  Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case." *Lester v. Gilbert*, 85 F. Supp. 3d 851, 857 (S.D. W. Va. 2015) (quoting *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)). "A genuine issue of material fact exists if . . . a reasonable fact-finder could return a verdict for the non-movant." *Runyon v. Hannah*, No. 2:12-1394, 2013 WL 2151235, at *2 (S.D. W. Va. May 16, 2013) (citations omitted); *see Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("Disposition by summary judgment is appropriate . . . where the record as a whole could not lead a rational trier of fact to find for the non-movant."). The moving party bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp.*, 477 U.S. at 322–23. The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of summary judgment. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

## IV. Discussion

### a. WVHRA Claims

The WVHRA prohibits employers from discriminating against employees on the basis of age, gender, and disability. W. Va. Code § 5-11-9. In the absence of direct evidence of discrimination, courts analyze claims under the WVHRA as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Shepherdstown Volunteer Fire Dep't v. State ex rel. W. Va. Human Rights Comm'n*, 309 S.E.2d 342, 352 (W. Va. 1983) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*,

450 U.S. 248, 252–53 (1981)). To make a prima facie case of employment discrimination, a plaintiff must prove that (1) she is a member of a protected class; (2) the employer made an adverse decision concerning her; and (3) but for the plaintiff's protected status, the adverse decision would not have been made. Syl. Pt. 3, *Conaway v. E. Assoc. Coal Corp.*, 358 S.E.2d 423 (W. Va. 1986).

The court begins with the plaintiff's age and gender discrimination claims and finds that the plaintiff has failed to establish a prima facie case. The plaintiff admitted in her deposition testimony that she did not have any facts to support her claim that she was not selected for the positions to which she applied during her final year of employment because of her age or gender. When asked what facts support the claim that the plaintiff did not obtain one of the positions to which she applied because of her age, the plaintiff responded, "None." Vicki Flatt Dep. ("Pl.'s Dep.") [ECF No. 25-1] 144:4. When asked what facts support her claim that she did not obtain a position to which she applied because of her gender, she replied, "No facts." *Id.* at 145:10.

Moreover, the age and gender diversity among the candidates selected for the positions to which the plaintiff applied demonstrates that the plaintiff has not established a prima facie case of age or gender discrimination. Out of the 19 positions to which the plaintiff applied, nine were filled by females. Decl. Michael Dorsey [ECF No. 25-4] 2. Similarly, nine of the positions were filled by individuals over the age of 40, including seven individuals over the age of 50. *Id.*; *see Laing v. Fed. Exp. Corp.*,

703 F.3d 713, 719 (4th Cir. 2013) (noting that comparator evidence is "especially useful in discrimination cases"); *see also Cox v. Lowe's Home Ctrs., LLC*, No.3:14-cv-000679, 2015 WL 7288689, at *6 (W.D.N.C. Nov. 17, 2015) (finding that comparator evidence prevented the court from drawing any inference of age discrimination and granting the defendant's motion for summary judgment). Accordingly, the defendants have shown that "there is an absence of evidence to support" the plaintiff's gender and age discrimination claims. *Celotex Corp.*, 477 U.S. at 325.

The plaintiff has also failed to raise any triable issue of fact regarding her disability discrimination claim. The only support for the plaintiff's disability discrimination claim is an alleged comment by former assistant store manager Joyce Robinson to another employee. The plaintiff avers that Robinson told another employee that the plaintiff was not hired for a position because "they were afraid that it would tire [the plaintiff] out." Pl.'s Dep. 147:14–15. Even assuming that this statement is disability-related, the remark at issue is merely "stray or isolated" and therefore insufficient to prove discrimination. *Harris v. Home Sales Co.*, 499 Fed. Appx. 285, 291 (4th Cir. 2012). To prove discrimination, the remark must have "some actual relationship to the adverse employment actions *under challenge*." *Id.* (emphasis added).

Here, Robinson only interviewed the plaintiff for the front-end support manager position, but the plaintiff stated in her deposition that Lowe's failure to hire her for this position is *not* a basis for her claims in this lawsuit. Pl.'s Dep. 136:3–11.

Further, the plaintiff admits that she is not aware that Robinson had any decision-making role for any of the other positions to which she applied. The plaintiff also admits that Robinson would not have knowledge about why she was not hired for positions in South Carolina. *Id.* at 148:22–149:7; 156:21–157:8. Importantly, there is no evidence that any other decisionmaker made any similar comments. *See Lasure v. Sam's E., Inc.*, No. 1:14CV127, 2015 WL 8664280, at *8 (N.D. W. Va. Dec. 11, 2015) (granting summary judgment on an age discrimination claim where one decisionmaker did not repeat possibly age-related comments and no other decisionmaker made similar comments). Thus, even if Robinson's alleged statement was disability-related, it is merely a stray remark bearing no relationship to the adverse employment actions that the plaintiff challenges in this action. Accordingly, the plaintiff's claim for disability discrimination under the WVHRA must fail.

### b. FMLA Claim

To succeed on her FMLA retaliation claim, the plaintiff must first make a prima facie showing that (1) she engaged in protected activity; (2) her employer took an adverse employment action against her; and (3) there was a causal link between the two events. *Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 429 (4th Cir. 2015). If the defendant advances a lawful explanation for the alleged retaliatory action, the plaintiff must "demonstrate that the defendant's reason for taking the adverse employment action was pretextual." *Id.*

Here, there is no dispute that the plaintiff has made a prima facie case. The defendants, however, have advanced a lawful explanation for the alleged retaliatory action: The plaintiff was discharged as part of a nationwide restructuring after she was unable to secure a new position within the company. And the plaintiff has failed to provide any evidence to establish that her termination was pretextual. There is no evidence to suggest that anyone at Lowe's commented on her use of FMLA leave or otherwise prevented her or discouraged her from taking leave. Nor does the plaintiff even allege that she was treated differently by the defendants because of her use of FMLA leave. The plaintiff's retaliation claim is also undermined by the fact that two former department managers at the Nitro store who used FMLA leave after January 2017 found other positions at Lowe's in less than one year and were not discharged. *See* Decl. Tonya L. Carnes [ECF No. 25-6] 1–2; Decl. Jeffery W. Richardson [ECF No. 25-7] 1–2. Given the complete absence of evidence to support the plaintiff's retaliation claim, summary judgment is appropriate.

### c. Tort of Outrage

To prevail on a claim for outrage, or intentional infliction of emotional distress, the plaintiff must establish:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress . . . ; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 3, *Travis v. Alcon Labs.*, 504 S.E.2d 419 (W. Va. 1998). "Whether conduct may reasonably be considered outrageous is a legal question, which courts determine on a case-by-case basis." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 78 (4th Cir. 2016) (quoting *Hines v. Hills Dep't Stores, Inc.*, 454 S.E.2d 385, 390 (W. Va. 1994)). "[C]onduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean-spirited, or negligent does not constitute outrageous conduct." *Courtney v. Courtney*, 413 S.E.2d 418, 423 (W. Va. 1991). Here, the plaintiff alleges that she experienced discrimination and retaliation in the workplace, but the plaintiff has offered no evidence that the defendants engaged in conduct which may reasonably be considered outrageous. Further, the plaintiff stated in her deposition that she has no facts to support her claim of outrage. Pl.'s Dep. 169:6. As such, the plaintiff's outrage claim must fail.

### V.  Conclusion

For the foregoing reasons, the defendants' Motion for Summary Judgment [ECF No. 25] is **GRANTED**. The court **DISMISSES** this matter from the docket.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:  April 18, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

9